# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                          **Case No.: 09-00329-01-CR-W-DW**

**JAMES PHILLIP EDWARDS**

                                      **USM Number: 21874-045**

                                      Travis Poindexter, FPD

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded nolo contendere to Count 1s-21s of the Superseding Indictment on March 16, 2011. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2251(a) | Production of Child Pornography | July 21, 2001 | 1s |
| 21 USC 841(a)(1) and (b)(7) | Distribution of Controlled Substance to Facilitate a Crime of Violence | July 21, 2001 | 2s |
| 18 USC 2251(a) | Production of Child Pornography | June 29, 2003 | 3s, 4s, 5s, 6s |
| 21 USC 841(a)(1) and (b)(7) | Distribution of Controlled Substance to Facilitate a Crime of Violence | June 29, 2003 | 7s |
| 18 USC 2251(a) | Production of Child Pornography | July 20, 2003 | 8s |
| 21 USC 841(a)(1) and (7) | Distribution of Controlled Substance to Facilitate a Crime of Violence | July 20, 2003 | 9s |
| 18 USC 2251(a) | Production of Child Pornography | August 23, 2003 | 10s |
| 21 USC 841(a)(1) and (b)(7) | Distribution of Controlled Substance to Facilitate a Crime of Violence | August 23, 2003 | 11s |
| 18 USC 2251(a) | Production of Child Pornography | July 3, 2004 | 12s |
| 21 USC 841(a)(1) and (b)(7) | Distribution of Controlled Substance to Facilitate a Crime of Violence | July 4, 2004 | 13s |
| 18 USC 2251(a) | Production of Child Pornography | July 8, 2004 | 14s |
| 18 USC 2251(a) | Attempted Production of Child Pornography | July 28, 2004 | 15s |

| | | | |
|---|---|---|---|
| 18 USC 2251(a) | Production of Child Pornography | October 24, 2004 | 16s |
| 18 USC 2251(a) | Production of Child Pornography | June 5, 2005 | 17s |
| 18 USC 2251(a) | Production of Child Pornography | June 23, 2005 | 18s |
| 18 USC 2251(d) | Advertising Child Pornography Over the Internet | May 20, 2009 | 19s |
| 18 USC 2252(a)(2) | Attempted Distribution of Child Pornography Over the Internet | June 19, 2009 | 20s |
| 18 USC 2252(a)(4) | Possession of Child Pornography | October 14, 2009 | 21s |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: November 6, 2012

_____/s/ Dean Whipple_____
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

November 7, 2012

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **5 years on Counts 7s, 9s, 11s, 13s, 20s, 21s, 10 years on Counts 1s, 2s, 15 years on Counts 3s, 4s, 5s, 6s, 8s, 10s, 12s, 14s, 15s, 16s, 17s, 18s and 19s. The sentences imposed on each count shall run consecutive to each other. For a total sentence imposed of 245 years.**

The Court makes the following recommendations to the FBP:
    Defendant be designated to Marion, IL.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life on all counts, the terms to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency

without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall successfully participate in a substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

2. The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time, and shall be not be present in any establishment where alcoholic beverages are the primary items for sale.

3. The defendant shall submit his person, and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search at any time, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The defendant shall successfully participate in any mental health counseling program, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

5. The defendant will not associate or have any contact (including incidental contact such as being present in locations where minors frequent) with persons/females/males under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office.

6. The defendant will neither possess nor have under his/her control any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18. This includes, but is not limited to, any matter obtained through access to any computers or any material linked to computer access or usage.

7. The defendant shall successfully participate in, and pay for, a psychosexual evaluation. The defendant shall successfully in any sex offender counseling program as directed by the Probation Office.

8. Defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries a vocation, or is a student; as directed by the probation office. The defendant shall adhere to the registration and notification procedures of the state in which the defendant resides.

9. The defendant will not have contact with the victim/s in this case. This includes any physical, visual, written or telephone contact with such person/s. Additionally, the defendant shall not directly or indirectly cause or encourage anyone else to have such contact with such person/s.

10. The defendant's place of residence may not be in close proximity to schools, parks, playgrounds, public pools, or other locations frequented by children.

11. The defendant shall not possess or use any computer; except that he/she may, with the prior approval of the United States Probation Officer, use a computer in connection with authorized employment.

## ACKNOWLEDGMENT OF CONDITIONS

  I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

  I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant    Date

_____    _____
United States Probation Officer    Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$2,100.00** | $ | $ |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of **$2,100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Court orders federal benefits be denied.

The defendant shall forfeit the defendant's interest in the following property to the United States:

Fujitsu hard drive, s/n: 01047326;
Samsung hard drive, s/n: J3FJ425478N;
Seagate hard drive, s/n: 6EF00HVA;
Seagate hard drive, s/n: 6EF00J45;
Seagate hard drive, s/n: 6EF00EYM;
Western Digital-Caviar WD400 hard drive, s/n: WMA6R3527617;
Western Digital WD2500JB, s/n: WMANK5501654;
Western Digital WD800, s/n:WCAJ91607908;
Maxtor Diamond Max Plus 9, s/n: Y290YQYE;
IBM Deskstar, s/n: YMT5N953;
Samsung hard drive HD502IJ, s/n: S1CTJ90Q913606;
Fujitsu hard drive MHH2064AT, s/n: 01004844;
One VHS video tape;
One 9 mm video tapes;
One Memorex 2.0 thumb drive;
One IOMEGA external USB drive, s/n: TJA91407CB;
One JVC media card 8MB;
757 Optical media (CD/DVD);
366 5 1/4 floppy discs; and
414 3.5 discs

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution (7) penalties, and (8) costs, including cost of prosecution and court costs.